IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

WILLIAM J. WIEMANN, etc.,         )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No. 09 C 121
                                  )
MICHAEL GUARISE,                  )
                                  )
               Defendant.         )

                      MEMORANDUM ORDER

    Michael Guarise (Guarise") has filed an Answer and Affirmative Defenses to the Complaint filed against him by William Wiemann ("Wiemann"), accompanying that responsive pleading with a "Counter-Complaint for Declaratory Relief and Injunctive Relief" targeting Wiemann, two related entities (Bill Wiemann Motor Sports, Inc. and William J. Wiemann Holdings, LLC) and Fred Engelhart.  This memorandum order is issued sua sponte to address some problematic issues posed by Wiemann's Complaint and Guarise's current pleadings.

     To begin with, both sides' pleadings to this point speak of the "residence" of individual parties rather than their respective states of citizenship, even though by definition the latter is the relevant fact for diversity of citizenship purposes.  In that respect our Court of Appeals literally calls for the imposition of a death sentence for such pleadings--as taught by Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57,

59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

This Court will not be so Draconian. Instead counsel for both Wiemann and Guarise are ordered to file appropriate amendments to their respective pleadings specifying the individual litigants' states of citizenship, so as to confirm the existence of subject matter jurisdiction on diversity grounds.

Next, several limited liability companies are identified in the parties' pleadings. Again for diversity purposes, numerous cases from our Court of Appeals have been repeating for nearly a decade that the citizenship of each member of a limited liability company must be identified (see, e.g., Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006)).

While Guarise's counsel is at it, he ought to modify his pleading vocabulary somewhat. "Counter-Complaint" is a species (or genus) unknown to the Federal Rules of Civil Procedure--see Fed. R. Civ. P. ("Rule") 7(a). Here Guarise's counsel has filed a hybrid pleading, drawing on both Rules 13 and 14 (the latter by introducing new parties to the litigation).

Finally and more substantively, the issues posed by Guarise's effort to go on the attack via his "Counter-Complaint" raise questions that this Court had sensed when it first saw Wiemann's Complaint and its inartistic Ex. A captioned "Bill of

2

Sale."  Although this Court had earlier set a far-out next status hearing date of May 18, it seems clear that the legal issues raised by the pleadings should be addressed (at least in a preliminary manner) much earlier than that.  Accordingly both Wiemann's counsel and Guarise's counsel are ordered to file memoranda in support of their respective positions, with appropriate citations to authorities on which they seek to rely, on or before April 13, 2009.

                                   _____
                                   Milton I. Shadur
                                   Senior United States District Judge

Date:  March 30, 2009